## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Larry Curtis Tate,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 07-259(1) ADM-RLE
Civil No. 09-1052 ADM

_____

Larry Curtis Tate, pro se.

Tracy L. Perzel, Assistant United States Attorney, Minneapolis, MN, for Plaintiff.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Larry Curtis Tate's ("Tate") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence; or in the Alternative, a Motion Pursuant to 18 U.S.C. § 3582(c)(2) for Clarification of Sentence Based upon the Retroactive Amendment 706 ("Motion") [Docket No. 151][1]. Tate's Motion is denied.

## II. BACKGROUND

Following his arrest in April 2007, Tate was indicted on one count of conspiracy to distribute at least 50 grams of crack cocaine (Count 1) and two counts of distribution of crack cocaine (Counts 2 and 3). Indictment [Docket No. 1]. Pursuant to a plea agreement, Tate pleaded guilty to Count 1, and the Government agreed to dismiss the remaining counts. Plea Agreement [Docket No. 115] ¶¶ 1-2.

---

[1] All docket references are to Criminal No. 07-259(1) ADM/RLE.

The plea agreement calculated the base offense level at 32. Id. ¶ 6. Tate's counsel at the time, Craig Cascarano ("Cascarano"), and counsel for the Government agreed that Tate would likely be a career offender, resulting in a five-level increase to level 37. Id. The United States agreed to recommend a three-level reduction for acceptance of responsibility, which placed the offense level at 34, with an imprisonment range of 262-327 months. Id.

The Presentence Report ("PSR") recommended that Tate be considered a career offender based on a 2004 conviction for third-degree assault, punishable up to five years imprisonment; and a 1999 fourth-degree assault conviction, punishable up to two years. Gov. Response Ex. 1 (Presentence Report) ¶¶ 59, 65, 74. The fourth-degree assault sentence was later stayed and Tate served less than one year imprisonment. Id. ¶ 65. The third-degree assault was also stayed, then revoked, and Tate eventually served 18 months on the offense. Id. ¶ 74.

Tate entered his federal plea on September 26, 2007. Plea Hr'g Tr. Sept. 26, 2007 [Docket No. 156]. During the plea hearing, Tate acknowledged that he appeared to be a career offender and that the plea agreement calculation of guideline range was 262-327 months, but that ultimately the Court would determine his sentence and his career offender status. Id. at 13-15.

At Tate's sentencing on March 12, 2008, he expressed concern about his ability to communicate effectively with Cascarano and asked the Court to appoint new counsel. Sent. Day 1 Tr. March 12, 2008 [Docket No. 157] at 5-8. Because of Tate's concern and the considerable length of the sentence Tate was facing, the Court appointed new counsel despite finding there was no basis for any claimed deficiency in Cascarano's representation of Tate. Id. at 14-15.

The Court appointed Tim Anderson ("Anderson") as Tate's new counsel, and sentencing occurred on April 25, 2008. Sent. Day 2 Tr. April 25, 2008 [Docket No. 158]. Objecting to Tate's career offender status, Anderson filed a sentencing brief relying upon court documents and police reports related to Tate's prior convictions. See Def. Position as to Sent. [Docket No. 139] at 5-10; Gov. Response [Docket No. 162] Ex. 1 (Anderson Aff.) ¶¶ 4, 5. At sentencing, Anderson argued that the fourth-degree assault should not trigger career offender status. Sent. Day 2 Tr. at 4-5. In the alternative, Anderson requested a departure under the § 3553(a) factors, asking the Court to view Tate as a "lower range" career offender. Id. at 9.

The Court found that both assault charges were properly classified as crimes of violence, and that Tate was a career offender with a § 4B1.1 guideline range of 262-327 months. Sent. Day 2 Tr. at 4-5. After considering the § 3553(a) factors, Tate's position in relation to his co-defendants, the "disparities between crack and cocaine," and Tate's criminal history, the Court sentenced Tate to 211 months, 51 months below the low end of the guideline range. Id. at 16-17.

Tate filed this § 2255 motion on May 4, 2009, seeking relief on the grounds that (1) he received ineffective of assistance of counsel at sentencing; (2) that the Court erroneously sentenced him as a career offender because the assault convictions were not crimes of violence; and (3) that he was not given the opportunity to review the PSR before sentencing, in violation of Federal Rule of Criminal Procedure 32(c)(3)(A). Tate also requests an evidentiary hearing on his claim of ineffective assistance of counsel. In the alternative, Tate requests relief under 18 U.S.C. § 3582(c)(2), arguing that the Court should decrease his sentence in accordance with Amendment 706 to the sentencing guidelines.

3

## III. DISCUSSION

### A. Standard of Review

As provided by 28 U.S.C. § 2255, a person in federal custody has a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Under § 2255, a petitioner is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

### B. Ineffective Assistance of Counsel

Tate argues that he received ineffective assistance of counsel during sentencing, and requests an evidentiary hearing to prove his claims. He alleges that his counsel failed to (1) investigate his prior convictions, and (2) raise objections, resulting in an erroneous career offender classification. Def. § 2255 Pet. at 7-8. Because the Court relieved Cascarano of representation at the first scheduled sentencing hearing, his efforts are irrelevant.[2] Because Anderson was Tate's counsel at sentencing, his representation is at issue here.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a

---

[2] While Cascarano's efforts are irrelevant for the purposes of this petition, the Court notes that he did, in fact, object to Tate's career offender classification. Sent. Mem. [Docket No. 127].

4

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). A defendant must overcome a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Even assuming the allegations to be true, Tate cannot satisfy the Strickland test because he fails to prove that Anderson's representation was objectively unreasonable. Anderson reviewed the relevant records for the prior convictions and made the same arguments Defendant makes in this Petition. See Anderson Aff.; see also Def. Position as to Sent. at 5-10. Tate does not present any omissions or errors in Anderson's investigation and representation, instead Tate simply alleges his conclusion that Anderson should have done more. Without any material facts, this conclusion is insufficient to overcome the strong presumption of adequate assistance.

Moreover, after reviewing the record, the Court finds that Tate is not entitled to an evidentiary hearing on the allegation of ineffective assistance of counsel. The record repeatedly contradicts Tate's allegations that Anderson did not investigate or object to Tate's career offender classification. Anderson made the argument in a memorandum addressing the factual background of the charge and again at the sentencing hearing.[3] Def. Position as to Sent. 5-10; Sent. Day 2 Tr. at 4-5. Tate's allegations cannot be accepted as true because the record repeatedly contradicts them. Tate's request for an evidentiary hearing is denied, and his claim of ineffective assistance fails.

---

[3] Tate admits that Anderson made the objection in his reply memorandum. Def. Mot. in Opp. To the Gov. Response [Docket No. 165] at 2 (stating that "Counsel objected and stated that Mr. TATE should not be treated as a career offender . . .")

## C. Career Offender Status

Tate argues that the Court erroneously used his third-degree and fourth-degree assault convictions to classify him as a career offender.[4] A defendant convicted of either a crime of violence or a controlled substance offense who has at least two prior adult convictions for either a crime of violence or a controlled substance offense, is a career offender under the sentencing guidelines. U.S.S.G. § 4B1.1(a). The two convictions must have occurred within ten years of the offense at issue for sentencing. U.S.S.G. § 4A1.2(e)(2); see also United States v. Peck, 161 F.3d 1171, 1173 (8th Cir. 1998). A "crime of violence" is any "offense under federal or state law, punishable by a term of imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is a burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Both the 1999 fourth-degree assault and the 2004 third-degree assault occurred within ten years of the 2007 arrest. Therefore the convictions for third-degree assault and fourth-degree assault are crimes of violence if they were punishable by more than a year, and they involved an element of "the use, attempted use or threatened use of physical force." Id.

To determine if a prior conviction satisfies these requirements, courts look to the statutory definition of the offense to examine the "legal elements of the crime." United States v. Brown, 550 F.3d 724, 728-29 (8th Cir. 2008); see also United States v. Pulliam, 566 F.3d 784,

---

[4] Tate argues that when a defendant disputes a fact in the PSR, the Court must make a finding as to the allegation and the government must present sufficient evidence to support the finding. Def. Mot. in Opp'n at 2, citing United States v. Granados, 962 F.2d 767, 771 (8th Cir. 1992) (quotation and citation omitted). The Court made this finding, Tate simply disagrees.

787-88 (8th Cir. 2009). The "punishable by a year" requirement is met whenever the statute authorizes a term of imprisonment over a year, "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 comment. (n.1). The "force" requirement is met when the offense requires as an element the "use, attempted use or threatened use of physical force." Brown, 550 F.3d at 729; U.S.S.G § 4B1.2(a). If, after examining the elements of the crime "a statute is overinclusive" and "covers conduct that does and does not trigger the career offender enhancement," courts use a modified approach that permits them to consult "the charging document, the terms of a plea agreement, jury instructions, or comparable judicial records to determine whether the prior offense was a crime of violence." United States v. Parks, 561 F.3d 795, 797 (8th Cir. 2009) (quoting United States v. Pearson, 553 F.3d 1183, 1185-86 (8th Cir. 2009)).

1. Third-degree Assault

Tate's conviction for third-degree assault is a crime of violence. Tate was convicted under Minn. Stat. § 609.223, Subd. 1, which provides that third-degree assault is an "assault [of] another and inflict[ion] of substantial bodily harm." Assault is defined as "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of, or attempt to, inflict bodily harm upon another." Minn. Stat. § 609.02, Subd. 10. Therefore, the legal elements of third-degree assault consist of "intentional infliction of . . . bodily harm upon another" and the result of "substantial bodily harm," two elements which necessarily involve the "use, attempted use or threatened use of force" required for career offender classification. Id.; Minn. Stat. § 609.223, Subd. 1; U.S.S.G § 4B1.2(a).

7

Tate argues that he was actually convicted of a misdemeanor, not a felony, because he served less than one year, and current state-records refer to the conviction as a misdemeanor. The Eighth Circuit has rejected this very argument, making clear that potential punishment of an offense is the only relevant factor, and that actual designation and actual sentence served are both irrelevant to career offender classification. United States v. Clinkscale, 559 F.3d 815, 817-18 (8th Cir. 2009); U.S.S.G. § 4B1.2 comment (n.1). The third-degree assault conviction was punishable up to five years. Because third-degree assault involves the use of force and is punishable by more than one year, the Court properly found it to be a crime of violence for career offender classification.

    2. Fourth-degree Assault

Tate's fourth-degree assault charge was also a crime of violence. On November 24, 1999, an officer arrested Tate when he resisted and bit the officer, causing visible injuries. Gov. Response Ex. 1 (Felony Guilty Plea Tr.) at 6-7. When Tate committed the offense, the Minnesota fourth-degree assault statute provided that "[w]hoever assaults a peace officer . . . when that officer is effecting a lawful arrest . . . and inflicts demonstrable bodily harm is guilty of a felony and may be sentenced to imprisonment for not more than two years. . . ." Minn. Stat. § 609.2231, Subd. 1; Minn. Laws 2000, 974. After Tate's conviction, the legislature changed the law to provide that a person who "physically assaults a peace officer [is] guilty of a gross misdemeanor and may be sentenced to imprisonment for not more than one year . . . . If the assault inflicts demonstrable bodily harm . . . the person is guilty of a felony and may be sentenced to imprisonment for not more than three years . . . ." Minn. Laws 2000, 974. In enacting this change, the legislature explicitly stated that the change was not retroactive and

8

applied only to crimes committed on or after April 24, 2000. Minn. Laws 2000, 976. Because Tate committed the crime prior to the effective date of the amendment, the previous version of the statute applies. The 1999 fourth-degree assault statute required the elements of "physical assault" and infliction of "demonstrable bodily harm." A physical assault that inflicts bodily harm necessarily has as an element the use of force and, under the 1999 statute, was punishable by up to two years. Minn. Laws 2000, 974. Tate again argues that current police records refer to the assault as a misdemeanor and that he served less than one year. However as discussed above, the only relevant factor is the potential punishment provided by statute. Consequently, the conviction is a crime of violence for career offender classification.

Furthermore, Tate's argument fails under the amended statute as well. The statute effective on April 24, 2000, created two levels of fourth-degree assault: a gross misdemeanor and a felony. Although the gross misdemeanor designation requires a physical assault, it would not automatically qualify as a crime of violence because it is not punishable by more than one year. The felony designation, however, would be a crime of violence because it involves an element of force and is punishable up to three years. While the statute may be overinclusive because the misdemeanor designation covers conduct that does not trigger career offender status, the designation issue is put to rest by examining the transcript of the plea colloquy. See Pulliam, 566 F.3d at 787-88 (citing Shepard v. United States, 544 U.S. 13, 15 (2005)) (recognizing that to determine the facts of a prior conviction under an overinclusive statute, a court may consult the plea colloquy of the prior conviction). The transcript shows that Tate pleaded guilty to "the charge of assault in the 4th degree, a felony offense." Felony Guilty Plea Tr. at 4. For the factual basis, Tate admitted that he had been in a "scuffle" with the officer, that he bit the officer

9

and that the bite caused visible injuries. Id. at 6-7. Because demonstrable bodily injury was part of the factual basis for the charge, it satisfies that element of the offense.[5] The record confirms that Tate would have been convicted under the "felony" clause and not the "gross misdemeanor" clause, which would apply only if there was no bodily injury. Even under the amended statute, Tate's fourth-degree assault was punishable by imprisonment for up to three years, and it involved the use of force meeting the career offender classification requirements.

Finally, Tate argues that his convictions are not crimes of violence because they are similar to the conviction in Chambers v. United States, 129 S.Ct. 687 (2009). Def. § 2255 Pet. at 12. In that case, the Court examined whether a failure to report is a "violent felony" for purposes of sentencing as a career criminal.[6] Id. at 691-93. The Chambers Court examined an Illinois statute which covered six offenses involving evasion of law enforcement, including "escape from a penal institution" and "failure to report." Id. at 691. After examining state-court records, the Court concluded that the defendant had pleaded guilty to "failure to report," and that it was separate from the other offenses, even though they were in the same statute. Id. The Court held that failure to report was not a violent felony because it did not contain any use, attempted use,

---

[5] Tate argues that the Court incorrectly applied an enhancement for bodily injury, citing United States v. Perkins, 89 F.3d 303 (6th Cir. 1996). Def. Mot. in Opp'n at 4-5. The argument is misplaced. The enhancement in Perkins was U.S.S.G. § 2B3.1(b)(3)(A), which applies only to robberies that result in bodily injury to a victim. That enhancement was not applied, only the Career Offender enhancement was applied. Bodily injury was only considered as an element in Tate's state conviction for fourth-degree assault, an element and offense to which Tate pleaded guilty.

[6] The Eighth Circuit has recognized that judicial interpretations of the terms "crime of violence" and "violent felony" are interchangeable because the career offender guidelines and the Armed Career Criminal Act use identical language to define them. United States v. Wilson, 562 F.3d 965, 967 (8th Cir. 2009).

or threat of force, and it did not pose a serious risk of physical injury. Id. at 691-93. An assault, however, is a crime that necessarily involves as an element the use, attempted use, or threatened use of violence, and, here, the factual record makes evident that the assault resulted in a demonstrable bodily injury. Chambers is therefore distinguishable.[7]

**D. Sentence Reduction under Amendment 706**

In the alternative, Tate argues that he is eligible for a reduction in his sentence because Amendment 706 to U.S.S.G. § 2D1.1 changed the offense level for crack cocaine convictions. A reduction for sentences "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" is permitted by 18 U.S.C. § 3582(c)(2). Amendment 706 allows a two-level reduction for prisoners sentenced under § 2D1.1(c). However, Tate was not sentenced under § 2D1.1(c), but instead under § 4B1.1, the career offender provision. A defendant who has been sentenced as a career offender is not eligible for an Amendment 706 reduction. See United States v. Moore, 481 F.3d 1113, 1115 (8th Cir. 2007), cert. denied, 128 S.Ct. 122 (2007); see also United States v. Thomas, 524 F.3d 889 (8th Cir. 2008). Tate's sentence is therefore unaffected by Amendment 706.

Additionally, Tate asserts that the Court "must consider the disparities" for crack/powder sentencing. Def. Mot. in Opp'n at 6-7, citing Spears v. United States, 129 S.Ct. 840; Kimbrough v. United States 552 U.S. 85. These cases recognize that district courts have discretion to depart from the crack cocaine guidelines when they believe a guideline sentence is excessive. Spears, 129 S.Ct. at 842-43. At Tate's sentencing, the Court did, in fact, consider the crack/powder

---

[7] Tate cites over fifteen cases where a prior conviction has been ruled to not be a crime of violence, all of which involve either escape or failure to report. Def. § 2255 Pet. at 13-14. The Court finds these cases distinguishable for the same reasons discussed above.

11

disparity and granted a 51 month downward departure from the guideline range. Sent. Day 2 Tr. at 16-17.

**E. Federal Rule of Criminal Procedure 32(c)(3)(A)**

Tate alleges that Cascarano never showed him the 262-327 month sentencing range in the PSR, in violation of Rule 32 of the Federal Rules for Criminal Procedure. Def. § 2255 Pet. at 14. The Rule requires that a court provide the PSR to a defendant at least 10 days prior to sentencing, to allow the defendant to correct or challenge any incorrect information. See United States v. Saffeels, 39 F.3d 833, 835-36 (8th Cir. 1994). Even assuming the allegation to be true, Tate is not entitled to any relief because Cascarano was not Tate's counsel at sentencing. Rather, Tate admits that Anderson, his attorney at sentencing, showed him the report prior to his sentencing. Id. at 15. Therefore, there is no violation of Rule 32. Additionally, the claim that Cascarano did not show Tate the range is contradicted throughout the record. The range appeared in the plea agreement, which Tate signed, and he acknowledged the range during his Change of Plea colloquy. Tate had notice of the range, discussed it with counsel, and he did not make any statement during the sentencing hearing that suggests he was unaware of the range in the PSR. Consequently, Tate's Rule 32 claim fails.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Larry Curtis Tate's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 151] is **DENIED**;

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 18, 2009.