# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,

                                                    **MEMORANDUM OPINION**
        v.                                          **AND ORDER**
                                                    Criminal No. 07-259(1) ADM/RLE
Larry Curtis Tate,

                    Defendant.

_____

Michael L. Cheever, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Robert H. Meyers, Assistant Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Larry Curtis Tate's ("Tate") Motion for a Reduced Sentence Under the First Step Act

[Docket No. 237]. Tate requests a reduction of his sentence under § 404 of the First Step Act

("FSA") and 18 U.S.C. § 3582(c)(1)(B). For the reasons set forth below Tate's Motion is

granted in part and denied in part.

## II. BACKGROUND

In July 2007, Tate and four codefendants were charged in an eight-count indictment with

federal drug trafficking of cocaine powder and crack cocaine. Indictment [Docket No. 1]. Tate

entered a plea of guilty to one count of conspiracy to distribute at least 50 grams of crack cocaine

in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A). Plea Agreement [Docket No. 115]. At the

time, the count carried a statutory penalty of 10 years to life imprisonment and a period of

supervised release of at least 5 years.

At sentencing, the Court found Tate had 26 criminal history points, placing him in

criminal category VI.  Sentencing Tr., Apr. 25, 2008 [Docket No. 158] at 3.  The Court

additionally found Tate was a career offender under § 4B1.1 of the United States Sentencing

Guidelines, based on Tate's 1999 conviction for fourth-degree assault and his 2004 conviction

for third-degree assault.  Id. at 3–5.  Tate's career offender status also placed him in criminal

category VI, and resulted in an advisory guidelines range of 262–327 months.  Id. at 6.  The

Court imposed a sentence of 211 months' imprisonment and 5 years' supervised release.  Id. at

17; Sentencing J. [Docket No. 145] at 2–3.  The sentence was a downward variance from the low

end of his guidelines based upon 18 U.S.C. § 3553(a) factors; Tate's criminal history; Tate's

position in relation to his co-defendants; the sentencing "disparities between crack and cocaine;"

and to reflect a reasonable graduated sanction considering Tate had "never served a particularly

long sentence before."  Sentencing Tr. at 16.

     During his time in custody, Tate has completed several courses offered by the Bureau of

Prisons, including the drug education program, a 515-hour faith-based program called Life

Connections, and numerous educational classes.  In addition, Tate obtained his forklift license

and commercial driver's license, earned an apprenticeship certificate as a shop tailor, and has

been employed full time throughout his incarceration.

     Tate has been sanctioned only twice during the 12 years he has been in custody—once in

2011 for abusing phone privileges, and once in 2018 for threatening bodily harm to a staff

member.  As a result of the 2018 violation, Tate lost 27 days of good conduct time and spent

almost three months in the special housing unit.  According to the Bureau of Prisons website,

Tate's anticipated release date is May 18, 2022.

     Tate now asks the Court to reduce his sentence from 211 months down to time served.

He also requests that his 5-year term of supervised release be reduced to 4 years. The Government agrees that Tate is eligible for a sentence reduction, but argues Tate's sentence should not be reduced below 188 months, and opposes a reduction of Tate's 5-year supervised release term.

## III. DISCUSSION

The Fair Sentencing Act of 2010 reduced sentencing disparities between individuals convicted of crack cocaine crimes and those of powder cocaine crimes. 21 U.S.C. § 841(b)(1)(A)(iii). The Fair Sentencing Act increased the amount of crack cocaine needed to trigger the penalties of § 841(b)(1)(A) from 50 grams to 280 grams of crack and the penalties of § 841(b)(1)(B) from 5 grams to 28 grams. When it was initially passed, Congress did not make the Fair Sentencing Act retroactive, which means that individuals sentenced before enactment were not considered for relief from the statutory penalties under which they were sentenced. This recently changed. The First Step Act of 2018 expressly permits the Court to consider a sentence reduction for individuals sentenced before 2010. It states:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. A "covered offense," as defined by the First Step Act includes offenses punishable under 21 U.S.C. § 841(b)(1)(A). And, as is clear from the statute, relief pursuant to the First Step Act is at the court's discretion.

Where a defendant is eligible for a reduced sentence by his motion under 18 U.S.C. § 3582(c), the court should consider the factors set forth in section 3553(a) to the extent they are

applicable, and also consider whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  See United States v. Robles-Garcia, 844 F.3d 792, 793 (8th Cir. 2016).

Tate is eligible for a First Step Act § 404 sentence reduction because the amount of crack for which he was held responsible, "in excess of 50 grams," would now be punishable under 21 U.S.C. § 841(b)(1)(B)(iii) instead of under 21 U.S.C. § 841(b)(1)(A)(iii).  If convicted today the statutory penalties for the offense would be reduced to a range of 5 to 40 years' imprisonment and a minimum of four years of supervised release.  The Probation Office calculates that under the 2018 Guideline Provisions, Tate's guideline sentencing range would now be 188-235 months (down from 262-327 months).  First Step Act of 2018 Letter [Docket No. 235].  The supervised release term would now be 4-5 years.  Id.

Tate asks the Court to reduce his sentence to time served, the equivalent of a 170 month sentence.  Tate argues that the downward variance applied at his original sentencing should be proportionately applied in determining a reduced sentence under the lower guideline range.  He calculates that a proportionate downward variance would result in a 151 month sentence, which is nearly 20 months less than the time he has already served.

The Government supports a reduction of Tate's prison term to as low as 188 months, but opposes any reduction below this amount.  The Government argues that Tate's sentence should remain proportional to the sentences of his co-defendants, three of whom have served their entire prison terms of 120 months, 36 months, and 32 months, and one who is still serving a 180 month sentence.  The Government also reasons that the downward variance at Tate's original sentencing already accounted for some or all of the disparity between crack and powder cocaine,

and thus a sentence within the lowered guideline range (rather than below it) is appropriate. The Government opposes any reduction to Tate's term of supervised release due to Tate's history of reoffending when released from custody and his 2018 infraction for threatening bodily harm to a member of the prison staff.

The Court's original sentence of 211 months was a substantial downward departure from the Guidelines in effect when Tate was sentenced. The downward departure was due in part to the disparate treatment between crack and powder cocaine. Thus, this factor has been largely accounted for in Tate's 211 month sentence. Nevertheless, the Court finds that in light of the new guidelines range, as well as the § 3553(a) factors, a reduction is warranted. Tate's sentence is reduced to 180 months, which is a significant consequence for the underlying conduct and is adequate to deter criminal conduct. Tate's request to reduce his 5-year period of supervised release is denied. The length of his supervised release will remain the same and will include, as a condition of supervised release, up to four months in a residential re-entry center to support and assist with his transition to liberty. The Court is hopeful that the many educational and vocational opportunities Tate has afforded himself while in custody will allow him to find steady employment and lead a productive life upon release.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Larry Curtis Tate's Motion for a Reduced Sentence Under the First Step Act [Docket No. 237] is **GRANTED IN PART, and DENIED IN PART** as follows:

1. Defendant Larry Curtis Tate's sentence is reduced to 180 months; and,

2.  Defendant Larry Curtis Tate's period of supervised release is 5 years, to include as a condition of supervised release, up to four months in a residential re-entry center.

3.  All other conditions shall remain in effect.

BY THE COURT:


        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 25, 2019.